**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Lon Roger Coleman,<br>Petitioner<br>-vs-<br>Charles L. Ryan, et al.,<br>Respondents. | CV-12-1553-PHX-DGC (JFM)<br><br>**Report & Recommendation On Petition**<br>**For Writ Of Habeas Corpus** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Tucson, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on July 19, 2012 (Doc. 1).  On November 2, 2012 Respondents filed their Response (Doc. 14). Petitioner filed a Reply on January 2, 2013 (Doc. 18).

The Petitioner's Petition is now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A.  PROCEEDINGS AT TRIAL

On June 1, 2007, Petitioner was indicted in the Maricopa County Superior Court on charges of theft and fraudulent schemes and artifices, and two charges of forgery. (Exhibit A, Indictment.)  (Exhibits to the Answer, Doc. 14 are referenced herein as

"Exhibit ___.")[1]  Petitioner eventually entered into a written Plea Agreement.  (Exhibit G, PCR Resp. at Exhibit A.)  Petitioner agreed to plead guilty to charges of theft and forgery, in exchange for dismissal of the remaining counts and allegations of priors.

Petitioner appeared with counsel for a change of plea on November 28, 2007, and entered his plea pursuant to the Plea Agreement. (Exhibit B, M.E. 11/28/07; Exhibit W R.T. 11/28/07.)

Petitioner appeared with counsel for sentencing on December 21, 2007.  (Exhibit X, R.T. 12/21/07.)  Petitioner was sentenced to eight years in prison on the theft charge, and a consecutive suspended sentence with four years probation on the forgery charge. (Exhibit C, Sentence, 12/21/7.)

## B.  PROCEEDINGS ON DIRECT APPEAL

As a pleading defendant, Petitioner had no right to file a direct appeal. *See* Ariz.R.Crim.P. 17.1(e); and *Montgomery v. Sheldon*, 181 Ariz. 256, 258, 889 P.2d 614, 616 (1995).

## C.  PROCEEDINGS ON POST-CONVICTION RELIEF

**PCR Court Proceedings** - Petitioner filed a Notice of Post-Conviction Relief on February 4, 2008 (Exhibit D).  Counsel was appointed, and eventually filed a Notice of Completion of Review (Exhibit E), espousing an inability to find an issue for review. On August 11, 2008, Petitioner filed a Pro-Per Petition for Post-Conviction Relief (Exhibit F)  Petitioner argued that his plea was not voluntarily made because:

(1)      he did not receive an agreed upon 5 year sentence;

(2)      he had a diminished capacity at the time of the plea;

(3)      the jail had hindered his ability to consult with his attorney;

---

[1] In violation of Local Civil Rule 7.1(d)(1), Respondents have appended a copy of the Petition (Doc.1) as Exhibit V.  On the assumption that this was an erroneous attempt to provide Petitioner's prior habeas petition, the sanctions specified in Rule 7.1(d)(5) have not been applied.

(4)      he had exculpatory evidence;

Finally, he argued that his sentence was cruel and unusual punishment.

On January 12, 2009, the PCR Court summarily dismissed the petition on the basis that Petitioner failed to asset a colorable claim. (Exhibit I, M.E. 1/12/19.)

Beginning February 26, 2009 (some 45 days later)Petitioner filed a series of untimely motions to extend (Exhibits J and K) and wrote a letter to the PCR court (Exhibit L), all seeking to extend his time to seek reconsideration.  On May 21, 2009, the PCR court denied the request to extend.  (Exhibit M.)

Almost seven months later, Petitioner filed a Motion for Rehearing (Exhibit N). The motion was denied on the merits on December 23, 2009 (Exhibit O).

Almost eight months later, Petitioner moved to extend the time to file a petition for review (Exhibit P), which was denied.  (Exhibit Q, M.E. 7/13/10.).

**Appellate Court Proceedings** – On March 3, 2011, some eight months after the PCR Court denied Petitioner's motion to extend time for review, Petitioner filed a Petition for Review (Exhibit R) with the Arizona Court of Appeals.  On March 8, 2011, the Arizona Court of Appeals summarily dismissed the Petition as untimely.  (Exhibit S, Order 3/8/11.)

On March 25, 2011, Petitioner filed a Motion for Reconsideration (Exhibit T), asking the PCR Court to reconsider the denial of his motion to extend.  On March 2, 2012, Petitioner wrote a letter to the PCR court (Exhibit U), inquiring about the status of his motion for reconsideration.  No response is reflected in the record.

**D.  PRECEDING FEDERAL HABEAS PROCEEDINGS**

On July 14, 2011, Petitioner filed a federal habeas petition in the District of Arizona, cause number CV-11-1468-PHX-DGC-JRI (PS).  That petition was summarily denied on the basis of Petitioner's representation that he then had "a petition for post-conviction relief pending before the Maricopa County Superior Court."  (*Id.* at Order 9/7/11, Doc. 4.)   Petitioner sought reconsideration, which was denied on June 4, 2012.

(*Id.* at Doc. 11.)

### E.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on July 19, 2012 (Doc.1).  Petitioner's Petition asserts the following five grounds for relief::

> (1) Petitioner's Fourteenth Amendment rights were violated because he did not knowingly and voluntarily enter into the plea agreement;
> (2) Petitioner's Fourteenth Amendment rights were violated when exculpatory evidence and testimony were omitted from the criminal proceedings;
> (3) Petitioner's due process and fair trial rights were violated by the factually inaccurate pre-sentence report;
> (4) Petitioner's right to effective assistance of counsel was violated when the Maricopa County Sheriff's Office hindered his ability to communicate with his attorney and when Petitioner's counsel failed to let him participate on his own behalf in the post-conviction relief proceedings; and
> (5) Petitioner's Fifth Amendment rights were violated when the prosecution forced Petitioner to enter a guilty plea.

(Order 8/31/12, Doc. 7 at 2.)

Service and a response were ordered on August 31, 2012 (Doc. 7).

**Response** - On November 2, 2012, Respondents filed their Response ("Limited Answer") (Doc.14).  Respondents argue that the Petition is barred by the habeas statute of limitations, and that the claims are either procedurally defaulted and/or waived by Petitioner's guilty plea.

**Reply** - On January 2, 2013, Petitioner filed a Reply (Doc.18).  Petitioner argues that any delay resulted from the PCR court's "mishandling" of his filings resulting in the time frames being "obscured."  (*Id.* at 5.)  Petitioner argues he is entitled to equitable tolling as a result of his diligence despite his limited legal experience and resources, his mental illness, and impedances to his timely filings. (*Id.* at 6-7.)  He argues that any failure to properly exhaust his state remedies resulted from his lack of legal knowledge and legal resources. (*Id.* at 7.)  Finally, Petitioner argues that no waiver has resulted from

his guilty plea because he was coerced by the prosecutor, he properly presented his due process claims, and his father was defamed by the probation department.

### III. APPLICATION OF LAW TO FACTS

### A.  TIMELINESS

### 1.  One Year Limitations Period

Respondents assert that Petitioner's Petition is untimely.  As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts.  28 U.S.C. § 2244(d).  Petitions filed beyond the one year limitations period are barred and must be dismissed.  *Id.*

### 2.  Commencement of Limitations Period

**Finality** - The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

For Arizona pleading defendants, their opportunity for direct review is an Arizona Rule 32 of-right post conviction relief proceeding.  *Summers v. Schriro*, 481 F.3d 710 (9th Cir. 2007).  "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)."  *Summers v. Schriro,* 481 F.3d 710, 717 (9th Cir. 2007).  "To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of conviction and sentencing in that court, notice of his or her intent to file a Petition for Post-Conviction Review." *Id.* at 715 (citing Ariz. R.Crim. P. 32.4(a)).

Here, Petitioner was sentenced on December 21, 2007.  (Exhibit C, Sentence.) His first PCR proceeding was commenced on the filing of his PCR Notice  (Exhibit D) was filed on February 4, 2008, within the permitted 90 days.  Thus, it constituted "direct

review" within the meaning of § 2244(d)(1).  That proceeding remained pending until his petition was denied on January 12, 2009 (Exhibit I).  Thereafter, Petitioner had 15 days (through January 27, 2009) to seek a rehearing, Ariz.R.Crim.Proc. 32.9(a) and 30 days to seek review by the appellate court, Ariz.R.Crim.Proc. 32.9(c).

Petitioner did not timely seek rehearing or a petition for review.  His next filing was not until February 26, 2009, when he filed his Request for Extension of Time (Exhibit J), dated February 19, 2009, seeking to extend the time for rehearing.  That request was at least 23 days after the deadline for motions for rehearing (if treated as filed on its mailing date).  His requests to extend were denied.

Petitioner nonetheless thereafter filed a Motion for Rehearing (Exhibit N), which the PCR Court denied on the merits on December 23, 2009.  (Exhibit O, M.E. 12/23/09.) Petitioner had 30 days thereafter (through January 22, 2010) to file a petition for review. Ariz.R.Crim.Proc. 32.9(c).

Petitioner did not file a timely petition for review.  Rather, on July 16 ,2010, almost six months too late, he filed a Motion to Extend (Exhibit P), seeking to extend the time for review.  That Motion was denied. (Exhibit Q, M.E. 7/13/10.)

Accordingly, Petitioner's time for seeking "direct review" ended on January 22, 2010, when his time to file a petition for review expired.

Accordingly, Petitioner's conviction was final and his one year limitations period began running after January 22, 2010, and expired one year later on January 22, 2011. Without any tolling, Petitioner's habeas petition, filed July 19, 2012, was almost 18 months delinquent.


**3.  Statutory Tolling**

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

Here, Petitioner's one year began running on January 23, 2010 and expired on

1    January 23, 2011.  It is true that Petitioner thereafter filed a Petition for Review (Exhibit
2    R) on March 3, 2011.  However, that petition was dismissed as untimely.  (Exhibit S
3    Order 3/8/11.)

4         For a state application to toll the statute of limitations, it must be "properly filed."
5    28 U.S.C. § 2244(d)(2).  In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005) the Court held
6    that when a state post-conviction petition is untimely under state law, then it is not
7    "properly filed" within the meaning of § 2244(d)(2) for purposes of statutory tolling.
8    Accordingly, the statute was not tolled by Petitioner's untimely Petition for Review.

9         Moreover, at the time he filed his Petition for Review, his one year limitations
10   period had already been expired for some 39 days. Once the statute has run, a subsequent
11   post-conviction or collateral relief filing does not reset the running of the one year
12   statute.  *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321
13   F.3d 820, 823 (9th Cir. 2003).

14        For the same reason, Petitioner's subsequent Motion for Reconsideration (Exhibit
15   T) did not toll the running of the statute.

16        Finally, Petitioner had a federal habeas petition pending from July 11, 2011
17   through September 7, 2011.  In *Duncan v. Walker*, 533 U.S. 167 (2001), decided June
18   18, 2001, the Supreme Court determined that in § 2244(d)(2), the word "State" modifies
19   both the terms "post-conviction" relief and the term "other collateral" relief.
20   Accordingly, it held that is only "state" applications, whether for "post-conviction" relief
21   or "other collateral" relief, that toll the running of the statute, and that Federal habeas
22   petitions do not toll the running of the statute.  *See also, Jiminez v. Rice*, 222 F.3d 1210
23   (9th Cir. 2000), *on rehearing*, 246 F.3d 1277 (9th Cir. 2001)

24        Accordingly, Petitioner is not entitled to statutory tolling and his Petition is
25   untimely.

26

27   **4.  Equitable Tolling**

28        "Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is

available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'"  *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted).  "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.' "  *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002)  (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.).

Petitioner advances three reasons to justify his delay since January 22, 2010, when his one year began to run[2]: (1) his limited legal experience and resources; (2) his mental illness; and (3) the mishandling of his state proceeding by the state courts. (Reply, Doc. 18 at 6-7.)

**Legal Experience and Resources** – Petitioner complains that he was ignorant of the law, and was denied access to a legal resource library.

A prisoner's *pro se* status is not an extraordinary circumstance.  *Felder v. Johnson*, 204 F.3d 168 (5th Cir. 2000).  A prisoner's "proceeding pro se is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).   Indeed, outside the realm of capital punishment, it is being represented in filing a habeas petition that is extraordinary.

Perhaps the real reason for Petitioner's failure to timely file is reflected by his Reply. "In July, 2011, Petitioner first learned of the concept of habeas corpus petitions." (Reply, Doc. 18 at 4.)

---

[2] Petitioner complains of a variety of conditions and circumstances throughout his legal career which hindered him.  Only those which affected his ability to timely file during the running of the limitations period have any relevance to the instant inquiry.

However, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999). ).  *See also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

It is true that the inadequacies of a prison law library and lack of notice of the AEDPA may be extraordinary circumstances. *See Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir. 2000).  Here, however, Petitioner points to nothing in particular in any such limitations that precluded him from a timely federal filing.

To be sure, Petitioner has asserted many complaints about the legal resources in the prison.  He appends to his Reply a series of grievances such as the lack of carbon paper and other legal supplies, and access to the law library.  (Reply, Doc. 18 at Exhibit B.)  However, all those disputes arose in 2009, before Petitioner's one year even began to run.  (*Id.*) Petitioner fails to identify any such hindrances that occurred during the running of his habeas limitations period.

He also complains about "verbal misinformation derived from the 'paralegals' made available by A.D.O.C." (Reply, Doc. 18 at 6), but fails to identify what that information was, or how it affected the timeliness of his filing.

In sum, Petitioner presents nothing more about prison conditions than the kinds of circumstances routinely faced by prisoners who nonetheless continue to prosecute their claims.  Indeed, the expansive one-year allowed under § 2244(d) renders routinely surmountable many of the "vicissitudes of prison life" of which Petitioner complains. (Reply, Doc. 18 at 6).  Those vicissitudes are not the kind of extraordinary circumstances which justify equitable tolling.

Moreover, even if extraordinary circumstances prevent a petitioner from filing for a time, equitable tolling will not apply if he does not continue to diligently pursue filing afterwards.  "If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of

causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2nd Cir. 2000). *But see Lott v. Mueller*, 304 F.3d 918 (9th Cir. 2002), McKeown, J. dissenting (arguing that equitable tolling should work a stoppage of the clock, with a resulting extension of the deadline). Ordinarily, thirty days after elimination of a roadblock should be sufficient. *See Guillory v. Roe*, 329 F.3d 1015, 1018, n.1 (9th Cir. 2003).

Here, Petitioner admits that as of July, 2011 he was aware of the possibility of filing a federal habeas petition, and indeed managed to do so on July 14, 2011. That proceeding was dismissed on September 7, 2011 on the basis of his pending state proceeding. However, the only thing pending as of that time was Petitioner's post-review Motion for Reconsideration in the PCR court (Exhibit T). That motion had been pending at that time for almost six months. Petitioner's next action was not for another five months, when he wrote the PCR court (Exhibit U) on February 14, 2012 to inquire about his motion, which at that time had been pending for over 11 months. Petitioner apparently received no response, but nonetheless took no further action for over four months, when he finally signed and forwarded for filing the instant federal habeas petition.

While some patience in awaiting court rulings is to be lauded, here Petitioner had proceeded past patience to simply ignoring the matter. Petitioner has failed to show reasonable diligence even after his purportedly belated discovery of his federal habeas rights.

**Mental Illness** – The one unique circumstance referenced by Petitioner is his mental condition.

"Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an "extraordinary circumstance beyond [his] control," and the deadline should be equitably tolled." La*ws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003). "However…mental incompetence is

not a *per se* reason to toll a statute of limitations. Rather, the alleged mental incompetence must somehow have affected the petitioner's ability to file a timely habeas petition." *Nara v. Frank*, 264 F.3d 310, 320 (3rd Cir. 2001), overruled in part on other grounds by *Carey v. Saffold*, 536 U.S. 214 (2002). "[M]ental illness tolls a statute of limitations only if the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them. Any other conclusion would perpetuate the stereotype of the insane as raving maniacs or gibbering idiots." *Miller v. Runyon*, 77 F.3d 189, 191 -192 (7th Cir. 1996) (applying equitable tolling to Rehabilitation Act).

Petitioner argues that Respondents, not he, should bear the burden of proof with regard to equitable tolling, but acknowledges that ADOC healthcare officials "opine that the mental illnesses stated in [his psychotherapists' letter] and acknowledged by mental health experts worldwide do not exist." (Reply, Doc. 18 at 6.)    To the contrary, Petitioner bears the burden of proof on the existence of cause for equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate.").

In an attempt to meet that burden, Petitioner contends that he was transferred to the Kingman prison facility "where Petitioner's agoraphobia became totally debilitating and prohibited Petitioner's leaving his housing building." (Reply, Doc. 18 at 4.) Petitioner fails to explain how this condition made it impossible for him to file a timely federal habeas petition.[3]

He purports to have suffered "extended periods of catatonia" (Reply, Doc. 18 at 6), but fails to identify any specifics, such as the relevant dates, the duration, etc.

---

[3] Petitioner does not provide a timeline of these events.  He was in Kingman at least as of his July, 2010 Motion for Extension (Exhibit P.)    As of the PCR Court's denial of rehearing on December 23, 2009, he appears to have still been in Buckeye. (Exhibit O.)

11

Petitioner provides a list of medications he was taking during trial.  (Reply, Doc. 18 at Exhibit A.)   Those medications are unexplained by Petitioner.[4]   At most, the warning labels he appended to his PCR Reply indicated that the medications "May Cause Drowsiness." (Exhibit H, PCR Reply at Exhibit A.) Moreover, Petitioner proffers no indication what medications he was taking during the relevant time period following January 22, 2010, when his one year was running.

Similarly, Petitioner proffers a letter from a psychotherapist from May, 2009, indicating that Petitioner had been treated from 2001 to 2005 for a variety of concerns (most redacted), including "Dissociation and P.T.S.D."  (Reply, Doc, 18 at Exhibit D.) However, Petitioner makes no effort to relate that treatment to the relevant time period, or to suggest how it interfered with his ability to file a timely habeas petition.

In the face of Petitioner's limited allegations, the Court has before it a record of an able, persistent, albeit dilatory, litigator.  During the running of the habeas limitations period, Petitioner managed to file his Motion for Extension of Time to File Petition for Review (Exhibit P).   On December 17, 2009, less than a month prior to its commencement, he managed to file his Motion for Rehearing (Exhibit N), and by February 25, 2011, within seven weeks of its expiration, he filed his untimely Petition for Review (Exhibit R).  All of this indicates that Petitioner's mental condition did not preclude him from litigating, but that he was simply engaged in trying to revive his failed state petition, rather than seeking to bring a timely federal petition.

Again, his Reply is telling.  He was not even aware of federal habeas petitions until some six months after his one year expired.  That ignorance, not mental illness, seems to have been the real reason for his delay.

In sum, Petitioner has failed to show that whatever his disabilities may have been or continue to be, that they made it impossible for him to timely file a federal habeas

---

[4] With the exception of Fluoxetine HCL, a common anti-depressant, it appears the medications seem largely to relate to ordinary cardiac and digestive concerns and pain relief, e.g. Metoprolol, aspirin, Atorvastatin, Famotidine, Warfarin Sodium, nitroglycerin, and acetaminophen. (*See* Reply, Doc. 18, Exhibit A.)

petition.

**State Court's Actions** – Petitioner complains that the state courts repeatedly delayed in handling his filings, and mishandled his documents, resulting in the obscuring of the applicable timeframes. (Reply, Doc. 18 at 4.)

Certainly there were some quirks along the way, including the extended delay in denying Petitioner's motion to extend the time to seek reconsideration of his PCR Petition (*see* Exhibits J, K, L, and M), and the PCR court addressing the motion for rehearing on its merits despite having denied the motions to extend (*see* Exhibits N and O). However, all these machinations were completed and rendered harmless with the PCR court's December 23, 2009 denial of the motion for rehearing. Thereafter, the only less than ordinary occurrence in Petitioner's state court proceedings was the failure to address his March 8, 2011 motion for reconsideration (Exhibit T). That delay, however, did not commence until after the one year expired.

**Summary re Equitable Tolling** – In sum, Petitioner raises a number of impediments he has faced in his prosecution and post-trial proceedings. However, Petitioner fails to proffer anything to show that any of them affected his ability to file a federal habeas petition during his one year to do so. Further, he fails to show that any of them would have made it impossible for him to timely file his petition. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

## 5. Actual Innocence

The Ninth Circuit has concluded that the statute of limitations is subject to an exception for claims of actual innocence. *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011). Petitioner makes no such claim in this proceeding.

## 6. Summary

Petitioner's time for seeking "direct review" ended on January 22, 2010, when his time to file a petition for review in his PCR proceeding expired. Accordingly,

1   Petitioner's conviction was final and his one year limitations period began running after
2   January 22, 2010, and expired one year later on January 22, 2011.  Petitioner had no
3   properly failed state petitions pending during that one year, and thus he is entitled to no
4   statutory tolling.  Petitioner has failed to show that in the face of reasonable diligence
5   extraordinary circumstances made it impossible for him to file his federal habeas petition
6   on time, and thus he is entitled to no equitable tolling.  Therefore, his federal habeas
7   petition, filed on July 19, 2012 is untimely, and must be dismissed with prejudice.

8

9   **B.  EXHAUSTION,  PROCEDURAL DEFAULT, and PROCEDURAL BAR**

10          Respondents further contend that Petitioner's claims are procedurally defaulted,
11   because all though presented to the Arizona Court of Appeals in his Petition for Review
12   (Exhibit R), that petition was untimely, and thus the claims were not fairly presented..

13

14   **1. Exhaustion Requirement**

15          Generally, a federal court has authority to review a state prisoner's claims only if
16   available state remedies have been exhausted.  *Duckworth v. Serrano*, 454 U.S. 1, 3
17   (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been
18   codified at 28 U.S.C. § 2254(b) and (c).  When seeking habeas relief, the burden is on
19   the petitioner to show that he has properly exhausted each claim.  *Cartwright v. Cupp,*
20   650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied,* 455 U.S. 1023 (1982).

21          Ordinarily, "to exhaust one's state court remedies in Arizona, a petitioner must
22   first raise the claim in a direct appeal or collaterally attack his conviction in a petition for
23   post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*,  33 F.3d 36, 38 (9th
24   Cir. 1994).   Only one of these avenues of relief must be exhausted before bringing a
25   habeas petition in federal court.  This is true even where alternative avenues of reviewing
26   constitutional issues are still available in state court.  *Brown v. Easter*, 68 F.3d 1209,
27   1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*,
28   489 U.S. 1059 (1989).  "In cases not carrying a life sentence or the death penalty, 'claims

of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

Here, Petitioner's only appeal, petition for review, or other application with the Arizona Court of Appeals was his untimely Petition for Review (Exhibit R) from his PCR petition, which the Arizona Court of Appeals dismissed as untimely.  (Exhibit S, Order 3/8/11.)

## 2.  Procedural Default

Ordinarily, unexhausted claims are dismissed *without prejudice*.  *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991).  However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief.  Dismissal *with prejudice* of a procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would excuse the default.  *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Here, Respondents concede that Petitioner raised his current federal claims in that proceeding, but note that the Arizona Court of Appeals dismissed the petition as untimely.  (Exhibit S, Order 3/8/11.)  Respondents thus contend that the claims were not fairly presented and are thus now procedurally defaulted.

However, by conceding that Petitioner presented the claims, and that they were disposed of by the Arizona Court of Appeals, Respondents take this case outside this type of procedural default.

## 3.  Procedural Bar

Instead, there is a related but distinct result often referred to as "procedural bar," which arises under the independent and adequate state grounds principle.  *See Coleman v. Thompson*, 501 U.S. 722, 729-732 (1991).  The justifications for the procedural bar

and procedural default rule are sharply different.  In the case of "procedural bar," it is a "state judgment" that is being treated with comity, *id*. at 730, while the exhaustion doctrine is a matter of treating the state courts themselves with comity by allowing them "the first opportunity" to address the federal claim, *id*. at 731.

In the context of procedural bar, "absent showings of 'cause' and 'prejudice,' federal habeas relief will be unavailable when (1) 'a state court [has] declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement,' and (2) 'the state judgment rests on independent and adequate state procedural grounds.' " *Walker v. Martin*, - - - U.S. - - -, 131 S.Ct. 1120, 1127 (2011).

Here, the application of Arizona's timeliness bar to delinquent petitions for review is just such an independent and adequate state ground.

Indeed, Respondents segue from arguing procedural default, to arguing that the Arizona Court of Appeals' application of the timeliness bar in Ariz.R.Crim.Proc. 32.9(c) was the application of an independent and adequate state ground.  (Answer, Doc. 18 at 14.)

Rule 32.9(c) does not call for an antecedent ruling on the merits of the federal claim, and thus is independent of federal law.  *See Harris v. Reed*, 489 U.S. 255, 260 (1989); and *Bennett v. Mueller*, 296 F.3d 752, 757 (9th Cir. 2002).

In *Bennett v. Mueller*, 322 F.3d 573 (9th Cir.2003), the Ninth Circuit specifically addressed the burden of proving the adequacy of a state procedural bar.

> Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. Once having done so, however, the ultimate burden is the state's.

*Bennett*, 322 F.3d at 584, 585.

Here, Petitioner makes no proffer to show that Rule 32.9(c) is not adequate.  (*See generally* Reply, Doc. 18 at 7.)

1

2    **2.  Cause and Prejudice**

3        If the habeas petitioner has procedurally defaulted on a claim, or it has been

4    procedurally barred on independent and adequate state grounds, he may not obtain

5    federal habeas review of that claim absent a showing of "cause and prejudice" sufficient

6    to excuse the default.  *Reed v. Ross*, 468 U.S. 1, 11 (1984).

7        "Cause" is the legitimate excuse for the default.  *Thomas v. Lewis*, 945 F.2d 1119,

8    1123 (1991). "Because of the wide variety of contexts in which a procedural default can

9    occur, the Supreme Court 'has not given the term "cause" precise content.'" *Harmon v.*

10   *Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990) (quoting *Reed*, 468 U.S. at 13), *cert.*

11   *denied*, 498 U.S. 832 (1990).   The Supreme Court has suggested, however, that cause

12   should ordinarily turn on some objective factor external to petitioner, for instance:

13              ... a showing that the factual or legal basis for a claim was not
                reasonably available to counsel, or that "some interference by
14              officials", made compliance impracticable, would constitute cause
                under this standard.
15
     *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (citations omitted).
16
17        Here, Petitioner concedes that his claims have floundered due to "procedural

18   errors."  (Reply, Doc. 18 at 7.) But, he argues he "cannot be held accountable for

     procedures he does not know exists nor can access resources for direction." (*Id.*)
19
20        However, the "cause and prejudice" standard is equally applicable to *pro se*

21   litigants, *Harmon v. Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990); *Hughes v. Idaho*

     *State Board of Corrections*, 800 F.2d 905, 908 (9th Cir. 1986), whether literate and
22
     assisted by "jailhouse lawyers", *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988);
23
24   illiterate and unaided, *Hughes*, 800 F.2d at 909, or even non-English speaking.  *Vasquez*

     *v. Lockhart*, 867 F.2d 1056, 1058 (9th Cir. 1988), cert. denied, 490 U.S. 1100 (1989).
25
26        A *pro se* petitioner may be able to establish cause if he can establish a lack of

27   access to the law, as opposed to a lack of knowledge of the law.  *See e.g. Dulin v. Cook*,

28   957 F.2d 758 (10th Cir. 1992) (remanding for a determination of cause where a *pro se*

17

petitioner's incarceration in Nevada precluded access to Utah legal materials required to challenge a Utah conviction).  *Cf. Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir. 2000) (holding lack of library materials may establish an "impediment" which would toll the statute of limitations applicable to habeas petitions).  The petitioner must establish, however, that the lack of access resulted in an inability to assert his claims.  *See e.g. Thomas v. Lewis*, 945 F.2d 1119 (9th Cir. 1991) (finding no "cause" where despite lack of resources generally, *pro se* prisoner had not shown personal deprivation, and had managed to file other adequate petitions.)

Here, despite the limits on his resources, Petitioner has managed to identify and assert his claims repeatedly over a period of years.  He offers nothing to show that his failure to do so in a manner not subject to a time bar was as a result of limitations on his resources.

As discussed above in connection with equitable tolling, Petitioner complains about the delays in state court rulings.  Here, however, Petitioner points to no delays relevant to the untimeliness of Petitioner's petition for review.

Petitioner's Motion for Rehearing (Exhibit N) by the PCR Court was denied on December 23, 2009 (Exhibit O).  It was not until eight months later that Petitioner moved to extend the time to file a petition for review (Exhibit P), which was denied. (Exhibit Q, M.E. 7/13/10.). And it was not for another 8 months, on March 3, 2011, that Petitioner finally filed a Petition for Review (Exhibit R) with the Arizona Court of Appeals.  Petitioner proffers no specific limitations on his resources which would show cause for such expansive delays.

Similarly, Petitioner fails to offer any specific correlation between his mental condition and those expansive delays.  Petitioner contends that he was transferred to the Kingman prison facility "where Petitioner's agoraphobia became totally debilitating and prohibited Petitioner's leaving his housing building."  (Reply, Doc. 18 at 4.)  However, the relevant time period, when Petitioner became subject to the procedural bar, was the 30 days after the PCR court's January 12, 2009 dismissal order.  (Exhibit I.)  Petitioner's

February 26, 2009 motion to extend indicates he was still housed in the Buckeye prison at that time.

Petitioner fails to establish cause to excuse his procedural bar.  The undersigned finds none.

**Prejudice** -   Both "cause" and "prejudice" must be shown to excuse a procedural default, although a court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n. 10 (9th Cir.1991).  Petitioner has filed to establish cause for his procedural default.  Accordingly, this Court need not examine the merits of Petitioner's claims or the purported "prejudice" to find an absence of cause and prejudice.

**Actual Innocence** - The standard for "cause and prejudice" is one of discretion intended to be flexible and yielding to exceptional circumstances, to avoid a "miscarriage of justice."  *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986).   Accordingly, failure to establish cause may be excused "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis added).  Although not explicitly limited to actual innocence claims, the Supreme Court has not yet recognized a "miscarriage of justice" exception to exhaustion outside of actual innocence.  *See* Hertz & Lieberman, *Federal Habeas Corpus Pract. & Proc.*, §26.4 at 1229, n. 6 (4th ed. 2002 Cumm. Supp.).  The Ninth Circuit has expressly limited it to claims of actual innocence.  *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008).

Petitioner makes no claim of his actual innocence, and the undersigned finds no basis to conclude that Petitioner was actually innocent.

## C. WAIVER

Respondents further contend that Petitioner's claims were waived by his guilty plea.  Because the undersigned finds the claims barred by both the statute of limitations

and a procedural bar, the waiver defense is not reached.

**D.  SUMMARY**

Petitioner's claims were untimely, and are barred by the habeas statute of limitations.  Moreover, Petitioner's claims were procedurally barred under on independent and adequate state ground.  Accordingly, his Petition must be dismissed with prejudice.

## IV.  CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment.  The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner.  Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds.  To the extent that Petitioner's claims are rejected on procedural grounds, under the reasoning set forth herein,  the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling."  Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.


## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed on July 19, 2012 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that to the extent the reasoning of this Report & Recommendation is adopted, that a certificate of appealability be **DENIED**.


## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a

party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: February 20, 2013

12-1553r RR 13 01 11 on HC.docx

_____
James F. Metcalf
United States Magistrate Judge