WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lon Roger Coleman,<br><br>               Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>               Respondents. | No. CV-12-1553 PHX DGC<br><br>**ORDER** |

On November 28, 2007, in Maricopa Superior Court, Petitioner pled guilty to the crimes of theft and forgery. He was sentenced on December 21, 2007. Doc. 19 at 2. After various state court proceedings, Petitioner filed a Petition for a Writ of Habeas Corpus on July 19, 2012. Doc. 1. This Court referred the case to Magistrate Judge James F. Metcalf, who issued his Report & Recommendation ("R&R") on February 20, 2013. Doc. 19. Judge Metcalf recommended that the Petition for Writ of Habeas Corpus be denied with prejudice because it was untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and was procedurally barred. Doc. 19 at 20, 21. Pursuant to Rule 72(b)(2), Petitioner has filed written objections to the R&R. Doc. 20. Having reviewed Petitioner's objections, the Court will accept Judge Metcalf's R&R.

**I.    Legal Standard.**

A party may file specific, written objections to an R&R within fourteen days after being served with a copy of the R&R. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). The Court must undertake a *de novo* review of those portions of the R&R to

which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1).

**II.     Analysis.**

Petitioner does not specifically object to the Magistrate's timeline showing that Petitioner's claims are untimely under the AEDPA's one-year statute of limitations, or to the Magistrate's finding that his claims are procedurally barred. Rather, Petitioner makes objections relating to his lack of legal resources and his mental illness. Doc. 20 *passim*. Although not explicitly stated, Petitioner essentially objects to the Magistrate's finding that equitable tolling does not apply in his case.[1] A paragraph from Petitioner's objections neatly summarizes his points:

> [Petitioner,] having been denied the assistance of knowledgeable representation, must rely on unreliable paralegals for consultation, is provided a resource library containing fewer reference materials than what a pre-law student routinely possesses and continually is confronted by personnel ignorant of and complacent to the special needs necessitated by his psychological issues.

Doc. 20 at 3. Petitioner emphasizes that he was ignorant of the statute of limitations, and that the "mental illness and the cruel/unusual institutional response to it have prolonged the ignorance and that is the real reason for his delay." *Id.* at 5.

Equitable tolling of the AEDPA "is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) (quoting *Spitsyn v.*

---

[1] Arguably, Petitioner's objections also relate to whether he has shown sufficient "cause and prejudice" to overcome the procedural bar on his habeas petition. *See* Doc. 19 at 17. However, because this Court adopts the R&R's finding that Petitioner's habeas petition is untimely and that equitable tolling should not apply, the Court need not address whether Petitioner has shown sufficient cause and prejudice to lift the procedural bar.

*Moore,* 345 F.3d 796, 799 (9th Cir. 2003)). To qualify for equitable tolling, Petitioner must also show that he diligently pursued his rights. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). This Court will review *de novo* Petitioner's arguments that his lack of legal resources and his mental illness should trigger equitable tolling of the statute of limitations.

### A.     Legal Knowledge & Resources.

Petitioner emphasizes that he was ignorant of the procedural requirements for petitions for a writ of habeas corpus. *See, e.g.*, Doc. 20 at 3–4. Petitioner also points out the repeated delays in state court proceedings, which further obscured the deadline for his habeas petition. *Id.* at 6, 7. However, ignorance of the statute of limitations and a lack of legal sophistication are not an "extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Moreover, absent an affirmative misstatement of law by a court, delays in court proceedings do not rise to the level of an extraordinary circumstance. *See, e.g.*, *Ford v. Pliler*, 590 F.3d 782, 788–89 (9th Cir. 2009) (citing *Plier v. Ford*, 542 U.S. 225 (2004)) (finding that equitable tolling does not apply when courts do not warn pro se litigants about deadlines, unless court affirmatively misleads parties).

Petitioner also argues that the legal resources available to him, including the prison law library and paralegal assistance, were inadequate. *See* Doc. 20 at 3. This circuit has found that a lack of access to legal resources may be an extraordinary circumstance warranting equitable tolling. *See, e.g.*, *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (finding that unavailability of a copy of the AEDPA in a prison law library could be grounds for equitable tolling). However, in cases where courts have found that an extraordinary circumstance might exist, the petitioner always pointed to *specific* materials to which he did not have access. *See, e.g.*, *Roy v. Lampert*, 465 F.3d 964, 974 (9th Cir. 2006) (finding that lack of access to AEDPA materials and Oregon law books may be an extraordinary circumstance); *Mendoza v. Carey*, 449 F.3d 1065 (9th Cir. 2006) (finding that lack of access to Spanish language legal materials or

assistance could entitle habeas petitioner to equitable tolling).  In this case, Petitioner has failed to point to specific materials that he was lacking.  Rather, his complaints about his legal resources are highly generalized, and he does not show how his lack of legal resources prevented him from filing a habeas petition while the statute of limitations was running.

Petitioner does emphasize that he received erroneous advice from paralegals (Doc. 20 at 2, 7; Doc. 18 at 6), but this circuit has previously found that an attorney's erroneous advice in calculating the AEDPA limitations period does not constitute an extraordinary circumstance.  *See Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001).  This reasoning applies with even greater force to the advice of a paralegal.  Petitioner also cites instances where he had to struggle with the Arizona Department of Corrections for access to the law library and for appropriate legal forms.  *See* Doc. 18 at 14–18.  But the fact that Petitioner was able to file a lengthy and well-researched state court petition (Doc. 14-1, Exhibit P) while the limitations period was running strongly indicates that he had access to the necessary legal materials.  Therefore, the Court finds that Petitioner's lack of access to legal resources in this case does not merit equitable tolling.

### B. Mental Illness.

Mental illness may be an extraordinary circumstance warranting equitable tolling, when that illness prevents the petitioner from timely filing his habeas petition.  *Laws*, 351 F.3d at 923.  Petitioner argues that his "mental illness and the cruel/unusual institutional response to it have prolonged [his] ignorance and that is the real reason for his delay."  Doc. 20 at 5.  Petitioner describes various mental ailments from which he suffers: agoraphobia, post-traumatic stress disorder ("PTSD"), catatonia, dissociative identity disorder, hallucinations, and depression.  Doc. 20 *passim*.  In the record, there is one letter from a Licensed Professional Counselor showing that Petitioner suffered from PTSD and dissociation between the years 2001 and 2005.  Doc. 18 at 22.  Finally, Petitioner claims that he was suffering "debilitating agoraphobia and severe clinical depression" in 2010, the year in which the limitations period was running.  Doc. 20 at 6.

Although mental illness may in some cases warrant an evidentiary hearing to determine the scope of the illness, *Laws*, 351 F.3d at 923–24, a district court is not obligated to hold such a hearing where "the record is amply developed, and where it indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition[.]" *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010). In this case, there is a well-developed record of Petitioner's actions during the limitations period. This Court adopts as correct the R&R's reasoning on this issue:

> In the face of Petitioner's limited allegations, the Court has before it a record of an able, persistent, albeit dilatory, litigator. During the running of the habeas limitations period, Petitioner managed to file his Motion for Extension of Time to File Petition for Review (Exhibit P). On December 17, 2009, less than a month prior to its commencement, he managed to file his Motion for Rehearing (Exhibit N), and by February 25, 2011, within seven weeks of its expiration, he filed his untimely Petition for Review (Exhibit R). All of this indicates that Petitioner's mental condition did not preclude him from litigating.

Doc. 19 at 12. The ability to file petitions during the limitations period is evidence that Petitioner's mental illness did not prevent him from filing a habeas petition. *See Roberts*, 627 F.3d at 773; *Gaston v. Palmer*, 417 F.3d 1030, 1035 (9th Cir. 2005) ("Because [petitioner] was capable of preparing and filing state court petitions [during the limitations period], it appears that he was capable of preparing and filing a [federal] petition during the time in between those dates."), *modified on other grounds*, 447 F.3d 1165 (9th Cir. 2006); *see also Laws*, 351 F.3d at 923 ("Of course, a petitioner's statement [of mental illness], even if sworn, need not convince a court that equitable tolling is justified should countervailing evidence be introduced.").[2] Therefore, this Court finds that Petitioner's mental illnesses do not warrant equitable tolling.

---

[2] *Laws* is also distinguishable from the present case because the petitioner in *Laws* did not file other petitions while his limitations period was running, and there was no other evidence of the petitioner's mental competency during that limitations period. *See* 351 F.3d at 924.

**IT IS ORDERED:**

1. Magistrate Judge James F. Metcalf's Report & Recommendation (Doc. 19) is **accepted**.
2. Petitioner Lon Roger Coleman's Petition for Writ of Habeas Corpus (Doc. 1) is **denied**.
3. A certificate of appealability is **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).
4. The Clerk of Court shall **terminate** this action.

Dated this 1st day of April, 2013.

*David G. Campbell*
David G. Campbell
United States District Judge