**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lon Roger Coleman, | No. CV-12-01553-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

Lon Roger Coleman ("Petitioner") filed a Petition for a Writ of Habeas Corpus on July 19, 2012. On February 20, 2013, Magistrate Judge James F. Metcalf issued a Report & Recommendation ("R&R") that the Petition be denied with prejudice because it was untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Doc. 19 at 20-21. On April 1, 2013, the Court issued an order accepting Judge Metcalf's R&R and denying the petition. Doc. 21. Petitioner filed a motion captioned "Memo to the court – notice of errors" on April 29, 2013. The Court will construe the submission as a motion for reconsideration and deny the motion.

Motions for reconsideration are disfavored and are not the place for parties to make new arguments not raised in their original briefs and arguments. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Nor should such motions ask the Court to rethink what it has already considered. *See United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998) (citing *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Under Rule 59(e), a motion for reconsideration should not be granted unless the Court is presented with

newly discovered evidence, committed clear error or the initial decision was manifestly unjust, or there is an intervening change in controlling law. *See 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

Petitioner has not presented the Court with newly discovered evidence. He has not shown that the Court committed clear error when it adopted the R&R, nor has he identified an intervening change in controlling law. Petitioner merely reasserts that he failed to timely file his petition because he lacks legal knowledge, has limited access to research materials, and suffers from mental disorders. All of these complaints were made before Magistrate Judge Metcalf, and he concluded that they did not constitute the "extraordinary circumstances" necessary for equitable tolling of the statute of limitations. Doc. 19 at 7-12 (citing *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009)). This Court engaged in a *de novo* review and also concluded that these reasons did not constitute extraordinary circumstances for the purposes of equitable tolling. Doc. 21 at 3-5.

**IT IS ORDERED** that Petitioner's motion for reconsideration (Doc. 23) is **denied.**

Dated this 23rd day of May, 2013.

David G. Campbell
United States District Judge